UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LUTHER W. DAVIS, JR.                        CIVIL ACTION NO. 13-cv-2653

VERSUS                                      JUDGE WALTER

BOSSIER PARISH, ET AL                       MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Luther W. Davis, Jr. ("Plaintiff") is a self-represented prisoner who alleges that officials at the Bossier Parish Penal Farm failed to protect him from a physical attack by a DOC inmate who was housed at the jail. The named defendants are individual deputies and members of the jail staff, as well as the Bossier Parish Police Jury. Before the court is a Motion to Dismiss (Doc. 11) filed by the Parish of Bossier. The parish argues that neither it nor its governing body, the police jury, can be liable for the acts alleged in the complaint. The motion was noticed for briefing, but Plaintiff did not file a timely response.

The claim against the parish lacks any legal or factual basis. A Louisiana parish, governed by a police jury, has the responsibility of providing a good and sufficient jail and for the physical maintenance of parish jails and prisons. But the administration of the jails is the province of the sheriff, not the police jury. O'Quinn v. Manuel, 773 F.2d 605 (5th Cir.1985). And the deputies who work at the jail are employed by the sheriff, not the parish. Thus, there is no basis for the liability of the parish in this case. See Jones v. Anderson, 2012 WL 6814121 (W.D. La. 2012), adopted, 2013 WL 103569 (W.D. La. 2013) (dismissing claims against parish by inmate who alleged jail guard beat him); Rader v. Cowart, 2010 WL

3522371 (W.D. La. 2010) (dismissing claim against parish police jury by inmate who alleged deprivation of medical care); and Williams v. Franklin, 2009 WL 4424203, *4 (W.D. La. 2009) (dismissing claim against parish police jury by inmate who alleged jail guards abused him and failed to protect him).

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 11)** be **granted** and that all claims against the Parish of Bossier or Bossier Parish Police Jury be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of May, 2014.

Mark L. Hornsby
U.S. Magistrate Judge