UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LUTHER W. DAVIS, JR.                    CIVIL ACTION NO. 13-cv-2653

VERSUS                                  JUDGE WALTER

POLICE JURY BOSSIER PARISH              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Luther Davis ("Plaintiff") alleges that he was housed as a pretrial detainee at the Bossier Parish Minimum Security Facility when he was attacked by a convicted DOC inmate who was housed in the same area. Plaintiff alleges that he made numerous requests that the DOC inmates be segregated from pretrial detainees, and he complains about the quality of medical care he received after the incident. The five individual defendants named in this action have filed a Motion for Summary Judgment (Doc. 15) on the grounds that Plaintiff did not exhaust available administrative remedies prior to bringing this suit. For the reasons that follow, it is recommended that the motion be granted.

**Analysis**

### A.  The Exhaustion Requirement

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a).  The statute's reference to actions "with respect to prison conditions" is interpreted broadly and includes those actions that allege the use of excessive force or denial of medical care.  <u>Porter v. Nussle</u>, 122 S.Ct. 983 (2002); <u>Harris v. Hegmann</u>, 198 F.3d 153 (5th Cir. 1999).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ... ."  <u>Woodford v. Ngo</u>, 126 S.Ct. 2378 (2006).

### B.  Summary Judgment Burdens

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).  A fact is "material" if it might affect the outcome of the suit under governing law.  <u>Anderson v. Liberty Lobby, Inc</u>., 106 S.Ct. 2505, 2510 (1986).  A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party.  <u>Anderson</u>, <u>supra</u>; <u>Hamilton v. Segue Software Inc</u>., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 106 S.Ct. 1348, 1355-56 (1986).

### C.  The Record

The form on which Plaintiff filed his complaint asked if there was a prison grievance procedure in his institution.  He checked a box to indicate yes, but wrote beside it "Non Responsive."  He checked another box to say that he did not file an administrative grievance based on the facts that formed the basis of this suit.  When asked to explain why he had not done so, he wrote: "Did so, but facility refused to acknowledge/respond to my request."

Lieutenant Billy Jones, assistant warden of the minimum security facility, testifies in an affidavit that Plaintiff received a copy of the prisoner Handbook when he entered the facility on February 14, 2013.  Jones cites a property issuance form signed by Plaintiff.  It appears the only date on that form is June 5, 2013, which was after the alleged attack on March 18, 2013.  In any event, it can be seen from Plaintiff's response to the motion that he was well aware of the grievance process at the time of the incident at issue.

The Handbook requires that a grievance be initiated within 90 days of the incident on which it is based.  The method for initiation is a letter from the inmate to the warden, either on a form ARP-1 or any written communication that contains the phrase: "This is a request for administrative remedy."  The first-step grievance is to be investigated and responded to by the warden or his designee.  If the prisoner is dissatisfied, he may pursue a step-two appeal to the Major of Corrections.  Relief available under the plan includes an award of monetary damages.

Lieutenant Jones testifies that ARP forms are available from deputies on duty and, if a form is not available, an inmate can file a grievance on any sheet of paper by including the

writing, "Request for Administrative Remedy." He states that when a grievance is submitted under the ARP, it is assigned a case number and placed in a file with all other grievances filed at the facility.  Jones states that he searched Plaintiff's inmate file and the grievance records but found no grievance filed by Plaintiff during the time between February 24, 2013 (prior to the alleged attack) and October 4, 2013 (after this suit was filed).  He found no grievance filed by Plaintiff about the incident underlying this suit or any other incident or condition.

Plaintiff responded to the motion with an unsworn memorandum, but that is not competent summary judgment evidence.  Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991).  Plaintiff claims that he was placed in solitary confinement after the attack and not allowed a pen or paper.  Upon release, he wrote a kite to Lieutenant Jones to request an ARP form but did not get an answer.  Two days later, Plaintiff wrote an ARP grievance on blank paper and addressed it to Lieutenant Jones and Captain Jacobs.  Plaintiff claims that he waited 90 days for an answer, then filed another kite to request an answer when none was received.  He then "wrote another ARP on blank white paper," but he does not say what he did with it.  Plaintiff states that he filed this suit after waiting 180 days, during which time he received no response to his grievance.  He claims that he has (unnamed) witnesses that could prove he attempted to exhaust his administrative remedies.

In reply, Lieutenant Jones offers another affidavit in which he agrees that Plaintiff was not allowed pen and paper when in solitary confinement.  Plaintiff's possessions were then limited to basic hygiene products.  But Plaintiff was kept in such confinement only from

March 19, 2013 until April 4, 2013, after which he was released into the general population. Plaintiff was allowed 90 days from the March 18 incident to file a grievance, so he had from his release from solitary on April 4 through mid-June to file a timely grievance. Jones notes that the Handbook includes in the instructions for a first-step grievance: "The inmate should make a copy of his letter of complaint and retain it for his records." The Handbook adds that the original submission "will not be returned to the inmate," and "[t]he institution is not responsible for furnishing the inmate with copies of his letter of complaint."

### D. Conclusion

Exhaustion is an affirmative defense, so the burden is on defendants to demonstrate that a prisoner failed to exhaust available administrative remedies. Jones v. Bock, 127 S.Ct. 910 (2007). Defendants have satisfied their summary judgment burden by coming forward with competent evidence that demonstrates Plaintiff was aware of the ARP requirement but did not file a grievance to exhaust the claims presented in this suit. Plaintiff has responded with only unsworn contentions that he submitted two grievances, but he has not offered any competent summary judgment evidence or copies of the alleged grievances that could create a genuine issue as to whether he properly exhausted his administrative remedies. A prisoner may not overcome a well-supported exhaustion defense with nothing more than unsworn and unsupported contentions. Defendants are entitled to summary judgment on the basis of the exhaustion defense.

The next question is whether the claim should be dismissed with or without prejudice to refiling in forma pauperis. The undersigned has explained at length in cases such as Fitch

Page 5 of  7

v. LA Dept of Public Safety & Corrections, 2009 WL 1076749, *3 (W.D. La. 2009) that the filing of unexhausted suits post-Jones places more burden than before on the taxpayers who fund state institutions and the federal courts. The court may no longer dismiss the unexhausted complaints prior to service by the marshal and, at a minimum, motion practice by the taxpayer-funded attorneys for the prison officials. These burdens make it more important than ever to discourage the premature filing of unexhausted prisoner complaints, and dismissal with prejudice to another IFP filing serves that interest and will encourage prisoners to obey Congress's mandate to exhaust administrative remedies before suit is filed.

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion for Summary Judgment (Doc. 15) be granted** and that Plaintiff's complaint be **dismissed with prejudice** to refiling it in forma pauperis.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of July, 2014.

Mark L. Hornsby
U.S. Magistrate Judge